**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| THE LOAN SYNDICATIONS AND TRADING ASSOCIATION<br>366 Madison Ave., 15th Floor<br>New York, NY 10017<br><br>                    Petitioner,<br><br>                v.<br><br>SECURITIES AND EXCHANGE COMMISSION<br>100 F St., NE<br>Washington, DC 20549<br><br>BOARD OF GOVERNORS OF THE<br>FEDERAL RESERVE SYSTEM<br>20th & Constitution Ave., NW<br>Washington, DC 20551<br><br>                    Respondents. | Civil Action No. 16-cv-652-RBW |

## UNOPPOSED MOTION TO EXPEDITE CONSIDERATION OF THE ACTION AND TO TREAT APPELLATE BRIEFS AS CROSS-MOTIONS FOR SUMMARY JUDGMENT

Petitioner the Loan Syndications and Trading Association ("LSTA") hereby respectfully moves this Court to expedite consideration of this action and to treat the briefs previously filed in the United States Court of Appeals for the District of Columbia Circuit as cross-motions for summary judgment. LSTA has consulted with respondents the Securities and Exchange Commission ("Commission" or "SEC") and the Board of Governors of the Federal Reserve System ("Board"), and respondents have stated that they do not object to the expedited treatment of this matter, the use of the appellate briefs as cross-motions for summary judgment, or dispensing with the pleadings and procedural requirements identified in this motion. In support of this motion, LSTA states as follows.

**BACKGROUND**

On October 22, 2014 respondents issued the Credit Risk Retention Rules pursuant to joint rulemaking authority to implement Section 941 of the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, §941, 124 Stat. 1376, 1890 (2010) (codified at 15 U.S.C. §78o-11).  The rules, codified respectively at 17 C.F.R. pt. 246 and 12 C.F.R. pt. 244, were published in the Federal Register at 79 Fed. Reg. 77601 on December 24, 2014.

LSTA filed a petition for review of these rules on November 10, 2014 in the United States Court of Appeals for the D.C. Circuit.[1]  Because the agencies invoked multiple sources of authority for the rules—including 12 U.S.C. §1848 and 15 U.S.C. §77i which both provide for initial review of agency action in the United States Court of Appeals for the D.C. Circuit—LSTA filed its petition initially in the Court of Appeals.  *See N.Y. Republican State Committee v. S.E.C.*, 799 F.3d 1126, 1129–30 (D.C. Cir. 2015) (if a party is "uncertain about where and when to file their suit," D.C. Circuit precedent provides "precise instructions" that the "proper course" is to file a petition in the D.C. Circuit).  Briefing was concluded in the D.C. Circuit on July 31, 2015, and oral argument was scheduled for February 5, 2016.

On January 15, 2016, the D.C. Circuit ordered the parties to show cause why the cases should not be dismissed or transferred to the District Court.  In response to the show cause order, LSTA and respondents each took the position that jurisdiction was proper in the D.C. Circuit. After hearing oral argument on the merits of LSTA's challenge as well as on the jurisdictional question, the D.C. Circuit issued an opinion on March 18, 2016, holding that it lacked jurisdiction over the petition for review and ordering that the case be transferred "in the interest of justice" to this Court.

---

[1] LSTA subsequently filed a second, protective petition for review on December 30, 2014.

## ARGUMENT

LSTA respectfully requests that the Court grant this unopposed motion and expedite consideration of this action. Under 28 U.S.C. § 1657, a "court shall expedite the consideration of any … action … if good cause therefor is shown." There is good cause to expedite consideration of this matter. As the Court of Appeals noted in its opinion, "[w]ith every passing day, the rule's compliance deadline of December 24, 2016, marches closer." *Loan Syndications & Trading Ass'n v. S.E.C.*, No. 14-1240, 2016 WL 1075882, at *7 (D.C. Cir. Mar. 18, 2016) (Slip Op. attached as Appendix A). Expediting consideration of LSTA's challenge to the rule will increase the probability of obtaining an initial resolution of the merits of LSTA's challenge before the compliance deadline and may help reduce the likelihood of additional litigation over the propriety of a stay. Expediting review would also serve the public interest by helping to mitigate the market uncertainty that will necessarily be exacerbated by any additional delay in resolving this challenge.

To facilitate expedited resolution of this action, LSTA respectfully requests that the Court adopt the measures implemented under analogous circumstances by the District Court in *National Association of Manufacturers, et al. v. United States Securities and Exchange Commission*, No. 1:13-cv-00635-RLW. Those measures, detailed below, serve the purposes of 28 U.S.C. § 1631, which seeks to ensure the efficient continuation of litigation following transfer and to avoid "time-consuming and justice-defeating" delay and duplication of effort. *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990), *quoting Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962). Specifically, LSTA requests as follows:

1. LSTA requests that its petition for review, which commenced the action in the Court of Appeals, be treated as a complaint in this Court. This procedure is consistent with 28 U.S.C. § 1631, which provides that a transferred case "shall proceed as if it had been filed in … the

court to which it is transferred on the date upon which it was actually filed in … the court from which it is transferred." The petition for review served the role in the Court of Appeals that a complaint plays in a civil action in District Court under Federal Rule of Civil Procedure 3. Treating the petition as a complaint will allow the case to proceed as if it had been filed in this Court on November 10, 2014, the date it was actually filed in the D.C. Circuit.

2. LSTA proposes that the parties waive responsive pleadings from the Commission and the Board, as well as the exchange of initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure. LSTA agrees that waiver of responsive pleadings will not constitute an admission of LSTA's allegations in this litigation.

3. LSTA requests that the case be decided on the briefing transferred to this Court from the D.C. Circuit (as well as any oral argument the Court chooses to have). LSTA requests that its opening D.C. Circuit brief be treated as a motion for summary judgment and memorandum of law in support of its motion for summary judgment; respondents' D.C. Circuit brief be treated as their opposition to LSTA's motion and as a cross-motion for summary judgment and memoranda of law in support of that cross-motion; and LSTA's D.C. Circuit reply brief be treated as a reply in support of its motion for summary judgment and as an opposition to the cross-motion.

The case was fully briefed for decision before the D.C. Circuit and there is no need for further briefing. All issues that would bear on this Court's resolution of the cross-motions for summary judgment are thoroughly covered in the completed D.C. Circuit briefing. Treating the case as fully briefed in this Court would avoid the additional delay and expense of beginning the briefing process anew, delay that, as explained above, would harm the parties and the public interest.

4. LSTA requests that the Certified Index of the Record filed in the Court of Appeals pursuant to Federal Rule of Appellate Procedure 17(b), and transferred to this Court as a part of the appellate record in this case, be deemed to satisfy the obligation to separately file or lodge a copy of the applicable administrative record with the Clerk of Court. In light of the size of the administrative record, reliance on this index in lieu of the filing of the record itself will conserve both judicial and agency resources.

5. Due to the nature of the proceedings, LSTA proposes to dispense with the scheduling and conference procedures of Rules 16 and 26(f) of the Federal Rules of Civil Procedure, and requests that the Court treat this motion and any other report that the Court might order as the written report required under Rule 26(f).

6. If the Court grants this motion to expedite consideration of this action and adopts the above proposed measures to facilitate such expedition, LSTA further proposes for the convenience of the Court that within seven days of the Court's order, the parties submit paper copies of the D.C. Circuit briefs and that LSTA submit paper copies of the joint appendix containing the applicable portions of the administrative record that was filed in the D.C. Circuit. *See* L. Civ. R. 7(n).

## **CONCLUSION**

For the foregoing reasons, the LSTA respectfully requests that this Court grant this unopposed motion and (1) expedite consideration of this action; (2) treat LSTA's petition for review as a complaint; (3) treat the parties' D.C. Circuit briefs as cross-motions for summary judgment and decide those motions on the papers transferred to this Court from the D.C. Circuit pursuant to 28 U.S.C. § 1631, and on any oral argument that the Court might order; and (4)

dispense with the requirement of responsive pleadings from respondents, a pretrial conference under Rule 16, initial disclosure under Rule 26(a)(1), and the conference required by Rule 26(f).

Dated: April 13, 2016

Respectfully submitted,

/s/ Peter D. Keisler

Peter D. Keisler, Bar No. 417204
Richard Klingler, Bar No. 438903
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
Tel: 202-736-8000
Fax: 202-736-8711
pkeisler@sidley.com

*Counsel for Petitioner the Loan Syndications and Trading Association*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of April, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System. Copies of the foregoing were sent to the following via U.S. mail:

Joshua P. Chadwick, Senior Counsel
Board of Governors of the Federal Reserve System
20th St. & Constitution Ave., NW
Washington, DC 20551

Sarah Prins
Securities and Exchange Commission
100 F St., NE
Washington, DC 20549

      /s/ Peter D. Keisler
      Peter D. Keisler

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE LOAN SYNDICATIONS AND TRADING ASSOCIATION<br><br>Petitioner,<br><br>v.<br><br>SECURITIES AND EXCHANGE COMMISSION, BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM<br><br>Respondents. | Civil Action No. 16-cv-652-RBW |

## **PROPOSED ORDER**

Before this Court is Petitioner's Unopposed Motion to Expedite Consideration of the Action and to Treat Appellate Briefs As Cross-Motions for Summary Judgment. The Court having considered the Motion finds that there is good cause to expedite consideration of this action.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Petitioner's Motion is **GRANTED** and that the Court will (1) expedite consideration of this action; (2) treat the petition for review as a complaint; (3) treat the parties' D.C. Circuit briefs as cross-motions for summary judgment and decide those motions on the papers transferred to this Court from the D.C. Circuit pursuant to 28 U.S.C. § 1631, and on any oral argument that the Court might order; and (4) dispense with the requirement of responsive pleadings from respondents, a pretrial conference under Rule 16, initial disclosure under Rule 26(a)(1), and the conference required by Rule 26(f).

**IT IS SO ORDERED.**

Dated: _____, 2016                                              By: _____
                                                                                         Reggie B. Walton
                                                                                         United States District Court Judge

**Loan Syndications and Trading Association**
**v.**
**Securities and Exchange Commission and Board of Governors of the Federal Reserve System**

**Civil Action No. 16-cv-652-RBW**

Certificate required by LCvR 7.1 of the Local Rules of the United States District Court for the District of Columbia:

    I, the undersigned, counsel of record for the Loan Syndications and Trading Association, certify that to the best of my knowledge and belief, there are no parent companies, subsidiaries or affiliates of the Loan Syndications and Trading Association which have any outstanding securities in the hands of the public.

    These representations are made in order that judges of this Court may determine the need for recusal.

/s/ Peter D. Keisler
Peter D. Keisler
Attorney of Record for Loan Syndications and Trading Association